2006 UT App 467

**OREM CITY, Plaintiff and Appellee,**

v.

**Bradley W. CREER, Defendant
and Appellant.**

**No. 20051065–CA.**

Court of Appeals of Utah.

Nov. 24, 2006.

Stephen Quesenberry and D. Scott Davis, Hill Johnson & Schmutz, LC, Provo, for Appellant.

Michael G. Barker and Andrew F. Peterson, Orem City Attorney's Office, Orem, for Appellee.

Before Judges GREENWOOD, BILLINGS, and McHUGH.

---

## MEMORANDUM DECISION

BILLINGS, Judge:

¶1 Defendant Bradley W. Creer appeals his convictions for theft of services and interference with an arresting officer. *See* Utah Code Ann. §§ 76–6–409, 76–8–305 (2003). First, Creer argues that the evidence in the record does not support his conviction for theft of services. Second, Creer asserts that the trial court erred in refusing to give certain jury instructions regarding the theft of services charge. Third, Creer contends that the trial court erred when it excluded a defense witness's testimony as hearsay. Based on incomplete jury instructions, we reverse and remand for a new trial as to the theft of services charge and therefore need not reach the sufficiency of evidence issue raised on appeal. We affirm as to the interference with an arresting officer charge, finding any erroneous exclusion of witness testimony harmless.

¶2 Creer asserts that the trial court erred when it refused to instruct the jury that to convict on a theft of services charge, the prosecution must prove the defendant acted with fraudulent intent. Specifically, Creer requested that the trial court provide jury instructions stating that the prosecution was required to prove more than mere failure to pay. The requested jury instructions included a statement that the prosecution must also prove fraudulent intent and that a person could not be convicted of theft of services if he planned to later pay for the services. The trial court rejected Creer's requested jury instructions.

¶3 Under Utah Code section 76–6–409, "[a] person commits theft [of services] if he obtains services which he knows are available only for compensation by deception, threat, force, or any other means designed to avoid the due payment for them." Utah Code Ann. § 76–6–409. The Utah Supreme Court has held that a key element to proving theft of services is fraudulent intent. *See State v. Leonard,* 707 P.2d 650, 654 (Utah 1985) ("Fraudulent intent is the gravamen of the offense of theft of services. Without proof of a criminal state of mind, the law would imprison people for mere failure to pay a debt, a

practice not sanctioned in this or any other state of this nation."). Essentially, the Utah Supreme Court's ruling in *State v. Leonard* requires the trial court to instruct the jury regarding the necessary element of fraudulent intent for a theft of services conviction. *See id.* We conclude that the trial court erred in refusing to provide such a jury instruction at Creer's trial. Therefore, we reverse the theft of services charge and remand for a new trial.

¶4 Creer also contends that the trial court erred when it excluded a defense witness's testimony as hearsay. At trial, the court excluded Tracy Gillman's testimony that during the struggle between Creer and the arresting officers, she heard an unidentified bystander state, "The guy did not do anything wrong. At first I saw them frisk his pockets. Then the next thing I knew, they were jumping on him. He didn't resist, talk back, or anything." Creer claims that had this testimony been admitted, it would have refuted the prosecution's evidence that he interfered with an arresting officer.

¶5 A trial court has broad discretion to admit or exclude evidence at trial. *See State v. Colwell,* 2000 UT 8,¶26, 994 P.2d 177. Further, we will not find an exclusion of evidence to constitute error if the substance of the excluded evidence is admitted through other means. *Cf. State v. Kohl,* 2000 UT 35,¶29, 999 P.2d 7 (holding that the trial court's error was without legal consequence). A reversal is warranted only if "absent the error, there is a reasonable likelihood that there would have been a more favorable result for the defendant. A reasonable likelihood of a more favorable outcome exists when the appellate court's confidence in the verdict actually reached is undermined." *Id.* at ¶17; *see also Colwell,* 2000 UT 8 at ¶26, 994 P.2d 177.

¶6 Assuming, without deciding, that the trial court's exclusion of Gillman's proffered testimony was erroneous, we conclude that such error was harmless. Defense counsel provided a number of witnesses that offered testimony similar to Gillman's excluded testimony. Four defense witnesses, including Creer, testified that Creer did not do any-

thing to initiate or provoke the physical altercation between the officers and Creer. After hearing the testimony of these witnesses, the jury found that there was sufficient evidence to convict Creer of interference with an arresting officer. The exclusion of Gillman's testimony does not undermine our confidence in the trial court's verdict. *See Kohl,* 2000 UT 35 at ¶ 17, 999 P.2d 7.

¶ 7 Accordingly, we reverse and remand Creer's conviction for theft of services because the jury instructions provided at trial lacked the necessary element of fraudulent intent. We affirm Creer's conviction for interference with an arresting officer.

¶ 8 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge and CAROLYN B. McHUGH, Judge.